UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAKKAWI, et al.,

                    Plaintiffs,

        v.

THE CITY OF NEW YORK, et al.,

                    Defendants.

25 Civ. 6321 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

On December 1, 2025, Defendants, including the City of New York, filed a motion to dismiss, or in the alternative, to transfer this case to the Eastern District of New York. *See* ECF No. 36. For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss, and **GRANTS** the motion to transfer venue. The Court does not address the substance of Defendants' request to dismiss this case, or any issues concerning possible consolidation of this matter with *Steadman v. City of New York*, No. 25 Civ. 4081 (E.D.N.Y.) (filed July 24, 2025), leaving any questions concerning those issues to the transferee court in the Eastern District of New York in the first instance.

## LEGAL STANDARD

"The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).[1] "Th[e] rule embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

Cir. 2008). "Proper application of the first-filed rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims. Importantly, application of the rule does not require *identical* parties, but merely requires substantial overlap." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) (emphasis in original).

There are two exceptions to the first-filed rule: (1) "where special circumstances warrant giving priority to the second suit," and (2) "where the balance of convenience favors the second-filed action." *Wausau*, 522 F.3d at 275; *accord N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112. "Where special circumstances are not present, a balancing of conveniences is necessary." *Wausau*, 522 F.3d at 276.[2]

The Second Circuit has held that "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Id.* Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Among these factors are: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the

---

[2] "Special circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff." *N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112. One special circumstance is where the first-filed actions are "improper anticipatory actions," which are cases where a party files a declaratory judgment action in an apparent effort to win the race to the courthouse. *See Wasau*, 522 F.3d at 275-76; *accord Amorphous v. Flipboard, Inc.*, No. 15 Civ. 5802, 2016 WL 1651868, at *3 (S.D.N.Y. Apr. 26, 2016) (similar). Another special circumstance is "where forum shopping alone motivated the choice of situs for the first suit." *Wausau*, 522 F.3d at 276. Neither of these circumstances is present here.

availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Wausau*, 522 F.3d at 275. "Courts also frequently consider: (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.'" *Nosirrah Mgmt., LLC v. EVmo, Inc.*, No. 21 Civ. 10529, 2023 WL 35028, at *2 (S.D.N.Y. Jan. 4, 2023).

"Where the first-filed rule is found applicable, 'the decision of whether to stay or dismiss a proceeding rests within a district judge's discretion.'" *Wyler-Wittenberg*, 899 F. Supp. 2d at 247 (quoting *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991)). "The court should take whichever action it deems proper to avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication." *Id*. This disposition is not a "rigid test, but requires instead the district court consider the equities of the situation when exercising its discretion." *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

## DISCUSSION

### I.    Applicability of the First-Filed Rule

Upon comparison of this case to the *Steadman* litigation pending in the Eastern District of New York, the Court has little doubt that they are sufficiently similar for purposes of the first-filed rule. The two cases were filed within one week of each other, with *Steadman* filed on July 24, 2025 and this case filed on July 31, 2025. Both cases are putative class actions brought by pro-Palestine protestors against the City of New York and others regarding the City's response to certain demonstrations. *Compare* First Am. Compl. ("Makkawi FAC") ¶ 1, ECF No. 9 *with Steadman*, First Am. Compl. ("Steadman FAC") ¶ 1, ECF No. 9. And the plaintiffs' counsel in both cases are nearly identical, with the firms Beldock Levine & Hoffman, Massimi Law, Cohen & Green, and the Aboushi Law Firm, as well as solo practitioners Gideon Orion Oliver and Leena

3

Widdi appearing for the plaintiffs in both cases (the only difference in counsel groups is the appearance of two additional firms in this litigation). *Compare* docket in *Makkawi with* docket in *Steadman*.

The only significant difference between the two cases is that *Steadman* concerns one particular event at the Harlem Campus of the City College of New York on April 30, 2024, *see* Steadman FAC ¶¶ 25-37, while this case is a broader challenge to "ongoing" acts, and arises from more than a half-dozen other events, most of which occurred in Brooklyn, *see* Makkawi FAC ¶¶ 25, 65-130. But many of the claims for relief are the same, and the plaintiffs in both cases seek broad injunctive relief against the City. *Compare* Makkawi FAC ¶¶ 509-626 *with* Steadman FAC ¶¶ 238-356. Specifically, both cases allege the following causes of action:

    (1) unlawful seizure and false arrest (Steadman FAC ¶¶ 238-43, 290-95; Makkawi FAC ¶¶ 509-14);

    (2) excessive force (Steadman FAC ¶¶ 244-47; Makkawi FAC ¶¶ 515-18);

    (3) violation of First Amendment rights (Steadman FAC ¶¶ 248-52; Makkawi FAC ¶¶ 519-24);

    (4) First Amendment retaliation (Steadman FAC ¶¶ 253-63; Makkawi FAC ¶¶ 525-38);

    (5) due process violations (Steadman FAC ¶¶ 264-68; Makkawi FAC ¶¶ 539-43);

    (6) deprivation of fair trial rights (Steadman FAC ¶¶ 269-72; Makkawi FAC ¶¶ 544-47);

    (7) malicious prosecution (Steadman FAC ¶¶ 273-80; Makkawi FAC ¶¶ 548-55);

    (8) violation of equal protection rights and selective enforcement (Steadman FAC ¶¶ 281-84; Makkawi FAC ¶¶ 556-59); and

    (9) Monell liability (Steadman FAC ¶¶ 285-89; Makkawi FAC ¶¶ 560-65).

*See also* Defs.' Reply at 4-5, ECF No. 43 (noting that plaintiffs' counsel in *Steadman* agreed at a conference in that case that the cases involve "precisely the same claims, the exact same claims") (citation omitted). And there is nearly identical language in the two complaints, *compare* Makkawi

4

FAC ¶ 25 ("This case seeks justice for and accountability around the retaliatory, disproportionate, and unreasonable responses by the City of New York and its New York City Police Department ('NYPD') to Plaintiffs' constitutionally protected assemblies at non-violent demonstrations throughout New York City from October 21, 2023 and ongoing.") *with* Steadman FAC ¶ 1 ("This lawsuit seeks justice for and accountability around the City of New York's – and its police force's – retaliatory, disproportionate, and unreasonable response to that protest and to First Amendment Activities."). "Given the nearly identical claims, parties, facts, and law at issue here and in the [*Steadman*] Action, as well as [Plaintiffs'] representation by the same counsel . . . , the first-filed rule clearly applies." *Santana v. Cavalry Portfolio Servs., LLC*, No. 19 Civ. 3773, 2019 WL 6173672, at *6 (S.D.N.Y. Nov. 19, 2019).

Plaintiffs note that that the putative classes in the two cases differ, in light of the fact that the *Steadman* litigation arises from one particular demonstration. *See* Pls.' Opp. at 10-11, ECF No. 41. But that is not because of any logical necessity—the *Makkawi* litigation simply carves out the incident underlying *Steadman*, even though it easily could have been included here, as the allegations in these cases are substantially similar. "[T]his distinction, while perhaps meriting different classes, is not meaningful for purposes of the first-filed rule. The first-filed action, the [*Steadman*] case, could easily have been framed to include both classes." *Walsh v. Nelnet Servicing, LLC*, No. 24 Civ. 4325, 2025 WL 2022631, at *3 (S.D.N.Y. July 18, 2025). And in any event, "[p]roper application of the first-filed rule . . . does not require *identical* parties in the cases, but merely requires substantial overlap." *Wyler-Wittenberg*, 899 F. Supp. 2d at 244 (emphasis in original). That standard is easily met here.

## II.    Application of the First-Filed Rule

Having concluded that the first-filed rule properly applies here, the Court now turns to the application of the rule.

> [W]here a party is requesting a transfer between the Eastern and Southern Districts of New York, most courts ordinarily find, and this Court agrees, that due to the close proximity of the courts in each district, the following factors are relatively neutral with regard to transfer: (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) cost of obtaining the presence of witnesses; (5) relative ease of access to sources of proof; (6) calendar congestion; or (7) where the events in issue took place.

*Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 449 (E.D.N.Y. 2011) (collecting cases).  Most of these factors are irrelevant when the choice of venue is between the Southern and Eastern Districts of New York, given the close proximity of the two courts, with locations just across the Brooklyn Bridge from each other.  *See Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) ("Given the proximity of the courts in the Southern and Eastern Districts of New York, the aforementioned factors do not pose an obstacle to transferring this action to the Eastern District.").  In any event, Plaintiffs' opposition does not identify anything that would lead the Court to conclude that the convenience-related factors weigh against transfer.  *See generally* Pls.' Opp.[3] ‼

Accordingly, the two remaining issues this Court must address in ruling on the Defendants' motion to transfer are "(1) how much deference to give the Plaintiff's choice of forum and (2) how to weigh the interest of justice."  *Ahmed*, 777 F. Supp. 2d at 449-50.  As to the first factor, although the plaintiff's choice of venue is usually given significant weight in the transfer analysis, *cf. Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001) (en banc) (describing deference to a plaintiff's choice of forum under *forum non conveniens*), it is not always determinative, *see Larew v. Larew*, No. 11 Civ. 5771, 2012 WL 87616, at *3 (S.D.N.Y. Jan. 10, 2012).  There is less deference given to a plaintiff's choice of forum in putative class actions.  *See Totilo v. Herbert*,

---

[3] The Court notes, however, that many of the demonstrations underlying this case occurred in Brooklyn, which is obviously in the Eastern District.

538 F. Supp. 2d 638, 640 (S.D.N.Y. 2008) ("Where . . . the plaintiff sues on behalf of a putative class, the degree of deference accorded its choice is diminished."). Thus, while this factor may point slightly against transfer, the Court does not accord it significant weight.

Ultimately, the interests of justice weigh clearly in favor of transfer. "[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy." *Williams*, 2006 WL 399456, at *3. Courts have acknowledged that "[t]he single most significant circumstance favoring transfer . . . is the existence of the related action[]" in the transferee district. *Goggins v. All. Cap. Mgmt., L.P.*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003). As noted above, there is significant overlap between the two cases; it is highly likely that the same disputed issues will arise in discovery, and on any dispositive motions briefing, in the two cases. Having two courts deciding the same issues poses an obvious risk of inconsistent judgments, not to mention a waste of judicial resources. But "litigating related claims in the same tribunal allows for more efficient pretrial discovery, avoids duplicative litigation, prevents inconsistent results, and saves time and expense for both parties and witnesses." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006).

Accordingly, based on the totality of the circumstances, and following the first-filed rule, the Court holds that Defendants have met their burden of demonstrating that transfer to the Eastern District of New York would be in the interests of justice. In light of that determination, the Court denies without prejudice Defendants' request to dismiss this case. The Court does not address the substance of the issues raised on that request; should Defendants seek re-raise them, it leaves them—along with any questions whether consolidation (in part or in whole) of the two actions is appropriate—to the sound judgment of the transferee court. *See Zainfeld v. Vivid Seats, LLC*, No. 24 Civ. 1520, 2024 WL 2274920, at *1 (S.D.N.Y. May 20, 2024) (granting transfer while leaving

7

motion to dismiss and questions of consolidation to transferee court); *Walsh*, 2025 WL 2022631, at *5 (applying first-filed rule and granting transfer, while denying motion to dismiss).

## CONCLUSION

For the reasons stated above, the Clerk of Court is respectfully directed to transfer this case to the Eastern District of New York and to terminate ECF No. 36.

SO ORDERED.

Dated: June 26, 2026
      New York, New York

DALE E. HO
United States District Judge