UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

This Order is Being Entered in:

*Steadman et al. v. City of New York et al.*,
25-CV-4081 (RER)(MMH)

*Makkawi et al. v. City of New York et al.*,
26-CV-4018 (RER)(MMH)
---------------------------------------------------------------------X

**UNSEALING ORDER**

25-CV-4081
(RER)(MMH)

**UPON THE APPLICATION OF PLAINTIFFS IN THE ABOVE CAPTIONED MATTER, WITH DEFENDANTS' CONSENT**, for the unsealing of records pertaining to the arrests and/or detentions of non-party individuals at the protests at issue in the above-captioned matters (the "putative class members and non-parties") that might otherwise be protected from disclosure by New York Criminal Procedure Law ("CPL") §§ 160.50 and/or 160.55;

**WHEREAS** the information sought is material and relevant to the above-captioned civil actions currently pending the Eastern District of New York, being defended by the Corporation Counsel of the City of New York; and

**WHEREAS** the Court has the authority to unseal these records in connection with this action, see Schomburg v. Bologna, 298 F.R.D. 138, 141 (S.D.N.Y. 2014) ("[f]ederal courts can and commonly do order production of documents sealed under Section 160.50") (citing cases);

**IT IS HEREBY ORDERED** that the records in the possession, custody or control of the New York City Police Department ("NYPD") pertaining to arrests and/or detentions of the putative class members and non-parties during the protests at issue in the above-captioned matters that are sealed pursuant to CPL §§ 160.50 and 160.55 are hereby unsealed for use in these civil actions consistent with this Order;

**IT IS FURTHER ORDERED** that the NYPD shall not be subject to the statutory sealing

requirements of CPL §§ 160.50 and 160.55 as to sealed records regarding arrests and/or detentions of the putative class members and non-parties that are in the entity's possession, related to reviewing such records for potential disclosure and disclosing such records to counsel for the parties in the course of discovery in the above-captioned matters;

**IT IS FURTHER ORDERED** that the NYPD may disclose sealed records of arrests and/or detentions of the putative class members and non-parties that are in the entity's possession to counsel for the parties in the course of discovery in the above-captioned matters for use in those actions consistent with this Order;

**IT IS FURTHER ORDERED** that records unsealed pursuant to this Order and produced by the entities listed above to counsel for the parties in the above-captioned matters shall be produced without redaction of personally identifying information related to putative class members and non-parties; and

**IT IS FURTHER ORDERED** that that the distribution of any non-public information provided herein shall be limited to the Office of the Corporation Counsel, Plaintiffs' Counsel, and the mediators involved in these matters and their staff, with the understanding that this Order does nothing to affect the NYPD's ability to access and/or utilize information already within their possession.

Brooklyn, NY
September 8, 2026

Marcia M. Henry

Marcia H. Henry, U.S.M.J.